# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JAMES D. HILL**
**United States Army, Appellant**

ARMY 20120795

Headquarters, 1st Cavalry Division
Gregory Gross, Military Judge (arraignment)
Patricia Lewis, Military Judge (trial)
Colonel R. Tideman Penland, Jr., Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert H. Meek, III, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

25 November 2015

-----------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-----------------------------------------------------------------

Per Curiam:

A panel composed of officer members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of aggravated sexual assault and one specification of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006) [hereinafter UCMJ].[1] The panel sentenced appellant to a bad-conduct discharge, confinement for four years, total forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

On 30 October 2015, we issued an opinion in this case wherein we set aside one specification of abusive sexual contact (Specification 2 of The Charge) and

---

[1] Following pleas but before findings, the government withdrew two specifications alleging assault with intent to commit rape in violation of Article 134, UCMJ.

affirmed the finding of guilty to aggravated sexual assault (Specification 1 of The Charge). We then reassessed appellant's sentence in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and concluded that the panel would have adjudged a sentence of at least the severity of that which the convening authority approved. However, based on excessive delay in the post-trial processing of appellant's case, we affirmed only so much of the approved sentence as provided for a bad-conduct discharge, confinement for three years and 320 days, and reduction to the grade of E-1. *See United States v. Hill*, ARMY 20120795 (Army Ct. Crim. App. 30 Oct. 2015) (summ. disp.).

On 5 November 2015, we granted appellant's motion to attach supplemental matters submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), as well as an additional defense appellate exhibit (DAE B) consisting of an affidavit from appellant in support of his supplemental *Grostefon* matters.[2] Moreover, on 5 November 2015, we also vacated our initial 30 October decision in light of the newly admitted matters.

We have now considered appellant's additional *Grostefon* matters as well as his affidavit in support of those matters in our reconsideration of this case. We find these matters to be without merit. Additionally, we have again reviewed appellant's initial brief and *Grostefon* matters, and will provide the same relief we accorded in our now-vacated 30 October 2015 decision.

Therefore, in consonance with our original opinion in this case, we again set aside Specification 2 of The Charge, and that specification is DISMISSED. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the original errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we remain confident the panel would have adjudged the same sentence. The military judge, in merging the specifications for sentencing removed any taint caused by the presence of Specification 2. Nonetheless, based on excessive delays in the post-trial processing of appellant's case, we AFFIRM only so much of his sentence as provides for a bad-conduct discharge, confinement for three years and 320 days, and reduction to the grade of E-1. All rights, privileges, and property of which appellant

---

[2] In appellant's initial brief to this court he claimed—in both an assigned error and separately in *Grostefon* matters—that he received ineffective assistance of counsel during various portions of his trial. On 7 July 2015, we directed appellant's trial defense counsel to respond to these allegations via a court order containing twelve specific questions addressing their representation. Appellant's additional defense appellate exhibit (DAE B) is a sworn statement containing his own answers to those questions we ordered his defense counsel to answer.

HILL—ARMY 20120795

has been deprived by virtue of that portion of the findings and sentence set aside by this decision are ordered restored.  See UCMJ arts. 58(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court